Ben Christian v. The State.

No. 3411.   Decided November 14, 1906.

**Carrying Pistol—Charge of Court—Assumed Theory.**

Upon a trial for unlawfully carrying a pistol, where the issue was, as raised by the evidence, whether or not defendant carried a pistol, and there was no evidence that defendant apprehended danger to his person, it was error to charge the jury that the defendant would be justified in carrying said pistol if defendant had rea- · sonable ground for fearing an unlawful attack upon his person.

Appeal from the County Court of Upshur.  Tried below before the Hon. M. D. Briggs.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Barnwell & Eberhart,* for appellant.—On question of assumed theory not raised by the evidence:   Lynch v. State, 24 Texas Crim. App., 363; Bow v. State, 31 S. W. Rep., 170.

*J. E. Yantis,* Assistant Attorney-General, for the State.

BROOKS, Judge.—The State's evidence clearly shows that appellant violated the law and carried a pistol.  The defense controverted this.  So the only issue is, whether or not appellant carried such pistol.  There is no evidence in the record indicating that defendant apprehended danger to his person, yet the court gave the following charge to the jury: "If you believe from the evidence beyond a reasonable doubt that defendant had on his person a pistol, as charged, but you should further believe from the evidence that at the time he so had said pistol, defendant had reasonable ground for fearing an unlawful attack upon his person, and you further believe that the danger was so imminent and threatening as not to admit of the arrest of the person about ·to make such attack upon legal process, then he would not be guilty, and you should so find.  It is for you to determine from the evidence whether the fear of the unlawful attack was reasonable, and whether the danger was so imminent and threatening as ·not to admit of the arrest of the party about to make such attack, upon legal process."  This exact charge was held by this court in Allphin v. State, 33 S. W. Rep., 223, to be erroneous and prejudicial to defendant.  Accordingly the judgment is reversed and the cause remanded.

*Reversed and remanded.*